IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH STILL, #179421, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CASE NO. 2:11-CV-141-TMH |
| | ) [WO] |
| | ) |
| DR. JEAN DARBOUZE, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This case is before the court on an action styled as a "Petition for Writ of Mandamus" filed by Keith Still ["Still"], a state inmate. In this petition, Still seeks an order from this court directing correctional and/or medical officials to provide him with a prosthetic leg. The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists." *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a

specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state officials in the performance of their duties where mandamus is the relief sought.  *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).  Thus, this court has no mandamus jurisdiction over the officials responsible for the plaintiff's medical treatment while incarcerated in the Alabama prison system.  However, it is clear that this court does have jurisdiction to consider the plaintiff's claims for relief in an action filed pursuant to 42 U.S.C. § 1983.

In light of the foregoing, it is

ORDERED that this cause of action be and is hereby construed as a complaint filed under 42 U.S.C. § 1983.

Done this 10th day of March, 2011.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE